1  Nathaniel J. Friedman, Esq. (SBN: 33135)
   NATHANIEL J. FRIEDMAN
2  A Professional Corporation
   8484 Wilshire Boulevard, Suite 570
3  Beverly Hills, CA 90211
   (310) 277-2889
4

5  Attorneys for Plaintiff

6

7                  UNITED STATES DISTRICT COURT

8                 CENTRAL DISTRICT OF CALIFORNIA

9

10
   G.M., a minor, by JOSE MAYA, her        )   CASE NO. _____
11 guardian ad litem,                      )
                                           )   (JUDGE _____)
12         Plaintiff,                       )
                                           )   (RELATED ACTION: SAVC-2001043-
13         v.                               )   JVS)
                                           )
14 UNITED STATES OF AMERICA,               )   COMPLAINT FOR DAMAGES
   DOES 1-500,                             )
15                                          )   1.  PROFESSIONAL
           Defendants.                      )       NEGLIGENCE -
16                                          )       NEGLIGENCE PER SE
                                           )   2.  WILFUL MISCONDUCT
17                                          )   3.  WRONGFUL LIFE -
                                           )       NEGLIGENCE PER SE
18 _____)

19

20

21     Plaintiff alleges:

22                         **THE PARTIES**

23     1.      At or about the time of the filing of this complaint, by an order of the above-

24 entitled Court, Jose Maya was appointed Guardian ad Litem of the infant Plaintiff herein, G.M.

25     2.      At all times herein mentioned, CLINICA SIERRA VISTA and Bruce B.

26 Taylor, D.O. were, and are agents and employees of the United States of America, and the

27 United States of America is named in place of said (former Defendants) CLINICA

28 SIERRA VISTA AND BRUCE B. TAYLOR, D.O.

                              1
                  **COMPLAINT FOR DAMAGES**

3.   Annexed hereto marked Exhibit A, and incorporated herein by reference as though set forth in full is a copy of an order of the Hon. James V. Selna, judge, United States District Court, Central District of California, dismissing without prejudice the infant Plaintiff and the United States (substituted for CLINICA SIERRA VISTA and BRUCE V. TAYLOR, D.O. on about June 30, 2020 for the reason that no administrative claim had been presented to the Government, which has now been done and the time since said administrative claim, required by the Federal Tort Claims Act, was presented and denied. (See Exhibit B hereto.)

4.   Plaintiff's Guardian ad Litem did not know or have reason to know that said CLINICA SIERRA VISTA was a Federal entity and that Bruce Taylor, D.O. was a Federal employee.

DELAYED DISCOVERY

5.   Immediately, on learning that the former Defendants CLINICA SIERRA VISTA and Bruce Taylor, D.O. were a federal facility and a federal employee, and the Federal Tort Claims Act applied, Plaintiff's Guardian ad Litem, by counsel, immediately prepared the appropriate claim, that was rejected (Exhibit B) and, in view of the fact that Dr. Taylor's negligence had not been identified, it was not until a Board Certified OB-GYN reviewed the patient's chart and rendered the opinion that Dr. Taylor had been substandard in his care and treatment of the patient and such negligence was a substantial factor in the outcome.

**FIRST CAUSE OF ACTION**

**PROFESSIONAL NEGLIGENCE - NEGLIGENCE PER SE**

**(G.M.  v. ALL DEFENDANTS)**

6.   Plaintiff G.M. incorporates herein by reference, as though set forth in full, paragraphs 1-5 of this Complaint.

7.   In the spring of 2016, Mayra Soto, G.M.'s mother, was pregnant.

8.   As a direct and proximate result of negligence on the part of Defendants and Fred Adams, M.D. while in the course and scope of their (actual or ostensible) agency

2

**COMPLAINT FOR DAMAGES**

1  and/or employment i.e., failed to properly screen (offer AFP testing per Title 17, C.C.R. §
2  6527) and otherwise diagnose Mayra Soto' fetus, i.e.,  diagnose her defective fetus, and to
3  offer to said Plaintiff, the option of abortion, said Defendants were negligent per se (see
4  *Galvez v. Frields* (2001) 88 Cal. App. 4th 1410).  Thereafter, Plaintiff G.M. was born
5  suffering from Spina Bifida.

6       9.    Prior to November 11, 2016, the date of the minor Plaintiff G.M.'s birth,
7  and thereafter, Mayra Soto employed Defendants, and each of them, to diagnose and treat
8  her condition of pregnancy, and to do all things necessary for her care and the care of the
9  fetus within her, including, but not limited to, pre-natal care, diagnosis (both as required
10 by regulation [Title 17, C.C.R. § 6527] and by the common law standard of care),
11 treatment, and advice.

12      10.    From and after Spring 2016, Defendants, and each of them, so negligently
13 examined and cared for Mayra Soto while Plaintiff G.M. was *in utero*, diagnosed and
14 failed to diagnose, their conditions, and so negligently treated them, that said infant
15 Plaintiff G.M. was born, at all, suffering from Spina Bifida.

16      11.    As a legal result of the wilful misconduct and/or negligence of the
17 Defendant, said infant Plaintiff G.M. was born and said wrongful conduct will continue to
18 cause, mental, physical and nervous pain and suffering and the loss of enjoyment of life.
19 Plaintiff is informed and believes, and based thereon alleges, that those injuries are of a
20 permanent nature, all to the infant Plaintiff's general damage in the sum of $5,000,000.

21      12.    As a further legal result of the wilful misconduct and/or negligence of the
22 Defendants, and each of them, and the resulting injuries to the minor Plaintiff, said infant
23 Plaintiff was compelled to, and did, incur expenses for medical and surgical attention,
24 hospitalization, nursing, medication and incidentals for said Plaintiff in an amount
25 unknown at present.  When the same has been ascertained, this infant Plaintiff will seek
26 leave to amend this Complaint to so state.

27      13.    As a further legal result of the wilful misconduct and/or negligence of the
28 Defendants, and each of them, and the resulting injuries, this infant Plaintiff will be

1   obliged to incur expenses for medical care and hospitalization for an indefinite period in

2   the future, and to pay for these expenses in the treatment and relief of the injuries for

3   medical and surgical attention, hospitalization, nursing, medication and incidentals for

4   said minor Plaintiff in an amount unknown to Plaintiff at present.  When the same have

5   been ascertained, minor Plaintiff will seek leave to amend this Complaint to so state.

6        14.      As a further legal result of the negligence and/or negligence per se of the

7   Defendants, and each of them, said infant Plaintiff will suffer total loss of earning

8   capacity in the future, adding to further damage in a sum unknown to said infant Plaintiff

9   at present.  When the same has been ascertained, Plaintiff will seek leave to amend this

10  Complaint to so state.

11                                          **II.**

12                          **SECOND CAUSE OF ACTION**

13                              **WILFUL MISCONDUCT**

14                          **(G.M.  v. DEFENDANT USA)**

15       15.      Plaintiff incorporates herein by reference, as though set forth in full,

16  paragraphs 1-14 of their complaint.

17       16.      As Defendant knowing, or having reason to know, that injury to another

18  was the probable result, or with reckless disregard of the possible consequences, did or

19  failed to do, each of the following acts:

20            1)      Failed to inform Mayra Soto of AFP testing, its strict time limits, and

21                    provide the state mandated brochure with the "informed

22                    consent/decline" form at Mayra Soto's first appointment at

23                    CLINICA SIERRA VISTA;

24            2)      Failed to offer AFP testing, as required by law; (see *Galvez*, supra;)

25            3)      Even after it was "too late" (i.e., beyond 20 weeks gestation) to offer

26                    AFP testing, Defendants and each of them failed to offer Plaintiff's

27                    mother, Mayra Soto, a) Amniocentesis, b) C.V.S.; or c) nuchal

28                    lucency testing which, more likely than not, would have

4

**COMPLAINT FOR DAMAGES**

demonstrated Spina Bifida in Mayra Soto's fetus, prior to said fetus' viability (23 ½ -24 weeks gestation - *Planned Parenthood v. Casey* (1992) 505 U.S. 833) which would have resulted in termination of the pregnancy prior to viability.

17.    As a direct and proximate result of said wilful misconduct, Plaintiff G.M. was born, as aforesaid, suffering from Spina Bifida.

### III.

### THIRD CAUSE OF ACTION

### WRONGFUL LIFE - NEGLIGENCE PER SE

### (G.M. v. ALL DEFENDANTS)

18.    Plaintiff incorporates herein by reference, as though set forth in full, paragraphs 1-16 of their complaint.

19.    At all times herein mentioned, Mayra Soto, mother of the minor Plaintiff G.M., was in the exclusive care and control of Defendant United States of America and its employees CLINICA SIERRA VISTA and TAYLOR, D.O., and each of them, and, at no time prior to the events, conduct, activities, and care and treatment complained of herein, did the Defendant herein, or any of them, obtain knowledgeable, informed consent for said care, treatment or conduct; that, prior to the initiation of, or performance of, said care, treatment, procedure or conduct, no opportunity was afforded to Mayra Soto, or any authorized agent of Mayra Soto, to exercise voluntary, knowledgeable and/or informed consent to said care, treatment, procedure or conduct.

20.    Prior to the viability of her fetus, now Plaintiff G.M., Mayra Soto was seen at CLINICA SIERRA VISTA by Defendant BRUCE TAYLOR, D.O., who negligently failed to offer amniocentesis, CVS, or Nuchal Translucency testing, which would have, in all likelihood, revealed a genetically damaged fetus, with time to offer Mayra Soto the option (Health & Safety Code § 123466) of abortion.

21.    Had Mayra Soto been offered the option of abortion, after being informed of her defective fetus, she would have opted to accept said offer, and Plaintiff G.M.

5

**COMPLAINT FOR DAMAGES**

1  would never have been born, at all.

2       22.    Prior to November 26, 2016, the date of infant Plaintiff G.M.'s

3  birth, Mayra Soto employed Defendant United States of America's employees CLINICA

4  SIERRA VISTA AND TAYLOR, D.O., to diagnose and treat her condition of pregnancy,

5  and to do all things necessary for her care, including, but not limited to, pre-natal care,

6  testing and advice as to her Statutory Right (Health and Safety Code § 123466) to

7  terminate a pregnancy.

8       23.    From and after said time, Defendant United States and its employees, and

9  each of them, so wilfully and/or negligently examined and cared for Mayra Soto that she

10  was not informed of or offered MS-AFP testing (negligence per se - see *Galvez, supra*)

11  and not offered the option of terminating the pregnancy and Plaintiff G.M. was born

12  suffering from Spina Bifida.

13       24.    But for the negligence per se of defendants, and each of them, in the care,

14  treatment diagnosis and advice to Mayra Soto, Plaintiff G.M. would not have been born,

15  at all, i.e., Mayra Soto would not have carried to term, a defective fetus, or, put another

16  way, would have terminated the pregnancy.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**COMPLAINT FOR DAMAGES**

**WHEREFORE**, Plaintiffs, and each of them, pray judgment as follows:

1.      General damages in the sums of $5,000,000;

2.      Special (past and future medical and related care costs) damages for Plaintiff G.M., in an amount according to proof;

3.      Special (present value of a lifetime of lost earnings) damages for Plaintiff G.M. in an amount according to proof;

4.      Prejudgment interest and post-judgment interest according to law;

5.      Costs of suit; and

6.      Such other and further relief as to this Court appears just and proper.

DATED: September 23, 2020

NATHANIEL J. FRIEDMAN
A Professional Corporation


By _____
Nathaniel J. Friedman
Attorney for Plaintiff

**COMPLAINT FOR DAMAGES**